UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

Civil Case No.
Honorable

vs.

$42,885.00 U.S. Currency from
the residence at XXXX White Horse Road,
Greenville, South Carolina,

Miscellaneous Jewelry, seized from
XXXX White Horse Road, Greenville,
South Carolina.

        Defendants *in rem*.
_____/

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) resulting from a violation of or violations of 21 U.S.C. §§ 841(a)(1) and 846, and pursuant to 18 U.S.C. § 981(a)(1)(A) resulting from a violation or violations of 18 U.S.C. §§ 1956 or 1957.

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* in this action were seized by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

ATF of Flint, Michigan and ATF of Greenville, South Carolina on or about November 21, 2023 with a federal Search Warrant at the residence located at XXXX White Horse Road, Greenville, South Carolina 29611.

7. The Defendants *in rem* consists of Forty-Two Thousand Eight Hundred Eighty Five Dollars ($42,885.00) in U.S. Currency and a collection of miscellaneous jewelry.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

9. Title 18, United States Code, Section 981(a)(1)(A), provides for the civil forfeiture of:

3

(A) any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

11. The Defendants *in rem* were also derived from proceeds of "specified unlawful activity" as the term is defined by 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1). Specified unlawful activity from which the Defendants *in rem* were derived from include, but are not limited to, the proceeds of controlled substance violations.

12. The facts supporting the forfeiture of the Defendants *in rem* include, but are not limited to, the following:

a.) A drug trafficking investigation into Omar Thomas stemmed from a May 2023 arrest of an individual who was involved in narcotics trafficking. The individual was arrested at the Metropolitan Detroit Airport for being in possession of fentanyl pills and marijuana.

b.) When interviewed, the individual stated that Omar Thomas placed the fentanyl pills in his luggage to transport for him.

c.) On or about November 18, 2023, Special Agent, Dustin Hurt, obtained a federal Search Warrant for the residence at XXXX White Horse Road, Greenville, South Carolina 29611 which was authorized by U.S. Magistrate Kevin F. McDonald of Greenville, South Carolina.

d.) On or about November 21, 2023, Agents from ATF Flint and ATF Greenville executed the search warrant at the residence located at XXXX White Horse Road, Greenville, South Carolina.

e.) After the agents secured the residence, a comprehensive search was conducted and the assets found during the search of the home relevant to this civil suit include a black backpack containing $42,885.00 of United States Currency and miscellaneous jewelry, the Defendants *in rem*, as well as three phones.

f.) Omar Thomas acknowledged ownership of the black backpack containing the Defendants *in rem*, and the phones.

g.) Following the search warrant, Defendants *in rem* were transported and are currently in custody at the ATF Flint Field Office, Michigan.

h.) Subsequent investigation revealed conversations by phone with Omar Thomas demonstrating ongoing drug trafficking between Omar Thomas and others, including a communication from November 5, 2023 referencing "blues." In the illicit drug trade, "blues" can refer to pills that contain fentanyl and are often blue in color. Thomas often operates out of the Eastern District of Michigan.

Based on the findings of the investigation, including but not limited to the search warrants seizures and facts noted here, the Defendants *in rem* constitute property derived from controlled substance violations and/or property involved in narcotics trafficking.

## **CLAIM**

13. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 12 above, including their subparts.

6

14. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents monies used or intended to be used to facilitate a violation of Title 21 of the United States Code.

15. The Defendant *in rem* are property used or intended to be used to facilitate the transportation, receipt, possession, or concealment of controlled substances and proceeds of controlled substance violations, including the Defendant *in rem* jewelry and U.S. currency, and are therefore additionally subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

16. The Defendants *in rem* are also property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 and therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

## **RELIEF**

Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture

should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

S/ K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226- 0248
Kenton.Welkener@usdoj.gov

Dated: May 20, 2024

## VERIFICATION

I, Dustin Hurt, state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Dustin Hurt, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Dated: May 20, 2024