UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

vs.

$42,885.00 U.S. Currency from
the residence at XXXX White Horse Road,
Greenville, South Carolina,

Miscellaneous Jewelry, seized from
XXXX White Horse Road, Greenville,
South Carolina.

Defendants *in Rem.*

Civil Case No. 4:24-cv-11328
Honorable F. Kay Behm

---

**Stipulation for Entry of Consent Judgment Pursuant to Settlement
and Final Order of Forfeiture**

---

Plaintiff, the United States of America (hereinafter the "United States"), by and through its attorneys, K. Craig Welkener, Assistant United States Attorney, and Claimant Omar Thomas. ("Claimant"), by and through his attorney, Kenneth M. Scott (the United States and Claimant shall be collectively referred to as, "the Parties") have settled this matter, and therefore enter into this Stipulation for Entry of Partial Consent Judgment and Final Order of Forfeiture (the "Stipulation") as to the following assets under the terms and conditions set forth herein:

1

The following assets were sought for forfeiture (collectively, "Defendant Currency and Jewelry"):

- Forty Two Thousand Dollars Eight Hundred Eighty Five Dollars ($42,885.00) in U.S. Currency (24-ATF-005790)

- EARRINGS: 10k yellow gold (58) round brilliant and single cut diamonds 0.50 carats 1.9 grams (24-ATF-022286)

- HEART "LLK" PENDANT: 10k rose and white gold 2.75 inches long (389) round brilliant cut diamonds 4.75 carats 78.7 grams (24-ATF-018983)

- MENS AUDEMAR PIGUET ROYAL OAK CUSTOM FULLY ICED OUT WATCH 38.50 CTW G-H VSl  SN: N5360 (24-ATF-018999)

- l0K  TRI TONE GOLD DIAMOND PENDANT (24-ATF-019008)

- 14K TRI TONE GOLD DIAMOND PENDANT "PHIL" (24-ATF-019012)

- l0K  TWO TONE GOLD DIAMOND PENDANT -  LADYBUG (24-ATF-019018)

- l0K  YELLOW  GOLD  DIAMOND  NECKLACE  (24-ATF-019024)

- l0K White Gold Diamond CROSS RING (24-ATF-022272)

- Parts of a bracelet in a plastic bag also included a single cubic zirconias  cluster sterling silver earring (24-ATF-022273)

- Sterling silver stamped fancy link necklace set with cubic zirconia's 24 inches long 6mm  wide 78.1  grams (24-ATF-022274)

- NECKLACE  10k white gold 22 inches long (132) round brilliant cut diamonds 18.00 carats 44.3 grams (24-ATF-022275)

- Base white metal necklace with cubic zirconias 20 inches long (24-ATF-022276)

- NECKLACE 10k white gold 21 inches long (2760) round brilliant cut diamonds 460.6 grams (24-ATF-022278)

- NECKLACE 1Ok rose gold set with cubic zirconias 20 inches long 35.9 grams (24-ATF-022280)

- BRACELET: 10k rose and white gold stamped bracelet 8.25 inches long (285) round brilliant cut diamonds 4.25 carats 24.3 grams (24-ATF-022282)

- BRACELET: 14k white gold (45) round brilliant cut diamonds 10.25 carats 14.9 grams (24-ATF-022283)

- EARRINGS 14k white gold (18) round brilliant cut diamonds 0.75 carats 1.8 grams (24-ATF-022285)

- EARRINGS 14k ye11ow gold (22) round brilliant cut diamonds 0.80 carats 1.9 grams (24-ATF-022289)

- EARRINGS: 10k white gold (84) round brilliant cut diamonds 0.95 carats 4.4 grams (24-ATF-022290)

WHEREAS, the Parties agree to the following:

1. Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATP") of Flint, Michigan and ATP of Greenville, South Carolina, had reasonable cause to seize the Defendant Currency and Jewelry on or about November 21, 2023 with a federal Search Warrant at the residence located at XXXX White Horse Road, Greenville, South Carolina.

2. On May 20, 2024, the United States timely filed a civil *in rem* forfeiture

complaint against the Defendant Currency and Jewelry pursuant to Title 21, United States Code, Sections 881(a)(6) (the "Complaint") (ECF No. 1).

3.      The United States served a copy of the Complaint and the Warrants of Arrest and Notice *in rem* on potential interested parties on July 12, 2024 (ECF No. 4).

4.      Claimant filed an Answer to the Complaint for Forfeiture on July 30, 2024 (ECF No. 6). Claimant, Omar Thomas, provided a sworn Affidavit claiming ownership of the Defendant Currency and Jewelry.

5.      Notice by publication has been completed in this case (ECF No. 31).

6.      No other verified claims of interest or responses to the Complaint have been filed with the United States District Court by any other party and the time for filing such pleadings has expired.

7.      The Parties actively engaged in lengthy discovery proceedings which included a deposition of claimant Omar Thomas.

8.      The Parties are aware of their respective rights and have reached a settlement which is embodied in this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture that will resolve this action without further litigation and expense.

THEREFORE, the Parties stipulate and agree as follows:

1.      This action is an *in rem* civil forfeiture action filed pursuant to Title 21, United States Code, Section 881(a)(6).

2.      This Court has jurisdiction and venue over this action pursuant to Title 28, United States Code, Sections 1345, 1355(b)(l)(A) and 1391(b)(2).

3.      Claimant admits no fault. Claimant does acknowledge that the United States and the law enforcement agents involved in this matter had reasonable cause to seize the Defendants *in rem,* as provided in Title 28, United States Code, Section 2465. The position of the United States, and its agents and employees in this action was and remains substantially justified as set forth in Title 28, United States Code, Section 2412, and the United States has no liability under Title 28, United States Code, Section 2465.

4.      Claimant shall not claim or seek attorneys' fees and/or costs in connection with this action and knowingly and voluntarily waives any and all claims he may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation.

The Parties stipulate and agree that the following shall be **FORFEITED** to the United States pursuant to Title 21, United States Code, Sections 881(a)(6) (hereinafter, the "Forfeited Currency and Earrings"):

- Forty Two Thousand Dollars Eight Hundred Eighty Five Dollars ($42,885.00) in U.S. Currency  (24-ATF-005790)

- EARRJNGS: 10k yellow gold (58) round bri11iant and single cut diamonds 0.50 carats 1.9 grams (24-ATF-022286)

5.      Pursuant to this Agreement, the Court orders that any right, title or

ownership interest possessed by Claimant and any of his agents, successors and assigns in the Forfeited Currency and Earrings, and any right, title or ownership interest of any and all other persons in the Forfeited Currency and Earrings is hereby and forever **EXTINGUISHED** and clear title to the Forfeited Currency and Earrings shall **VEST** in the United States, and the United States Marshal's Service ("USMS"), or its delegate, is **AUTHORIZED** to dispose of the Forfeited Currency and Earrings according to law.

6. The Parties further stipulate and agree that the following shall be **RETURNED** to Claimant:

- HEART "LLK" PENDANT: 10k rose and white gold 2.75 inches long (389) round brilliant cut diamonds 4.75 carats 78.7 grams (24-ATF-018983)

- MENS AUDEMAR PIGUET ROYAL OAK CUSTOM FULLY ICED OUT WATCH 38.50 CTW G-H VSl SN: N5360 (24-ATF-018999)

- l0K TRI TONE GOLD DIAMOND PENDANT (24-ATF-019008)

- 14K TRI TONE GOLD DIAMOND PENDANT "PHIL" (24-ATF-019012)

- 1OK TWO TONE GOLD DIAMOND PENDANT - LADYBUG (24-ATF-019018)

- l0K YELLOW GOLD DIAMOND NECKLACE (24-ATF-019024)

- 1OK White Gold Diamond CROSS RING (24-ATF-022272)

- Parts of a bracelet in a plastic bag also included a single cubic zirconias cluster sterling silver earring (24-ATF-022273)

- Sterling silver stamped fancy link necklace set with cubic zirconia's 24 inches long 6mm wide 78.1 grams (24-ATF-022274)

- NECKLACE 1Ok white gold 22 inches long (132) round brilliant cut diamonds 18.00 carats 44.3 grams (24-ATF-022275)

- Base white metal necklace with cubic zirconias 20 inches long (24-ATF-022276)

- NECKLACE 10k white gold 21 inches long (2760) round brilliant cut diamonds 460.6 grams (24-ATF-022278)

- NECKLACE 1Ok rose gold set with cubic zirconias 20 inches long 35.9 grams (24-ATF-022280)

- BRACELET: 10k rose and white gold stamped bracelet 8.25 inches long (285) round brilliant cut diamonds 4.25 carats 24.3 grams (24-ATF-022282)

- BRACELET: 14k white gold (45) round brilliant cut diamonds 10.25 carats 14.9 grams (24-ATF-022283)

- EARRINGS 14k white gold (18) round brilliant cut diamonds 0.75 carats 1.8 grams (24-ATF-022285)

- EARRINGS 14k yellow gold (22) round brilliant cut diamonds 0.80 carats 1.9 grams (24-ATF-022289)

- EARRINGS: 10k white gold (84) round brilliant cut diamonds 0.95 carats 4.4 grams (24-ATF-022290)

7.      Upon signing below, Claimant agrees to unconditionally release, remise and forever discharge the United States, and its agencies, agents, officers and employees, past and present, and all other persons, including but not limited to,

7

agents and employees of the ATF, the Internal Revenue Service Criminal Investigation division, the United States Attorney's Office, the USMS, any individual local law enforcement officers, departments or agencies, and any other persons who participated in or assisted in any aspect of this action and the underlying investigation (the "Released Parties"), from any and all actions, claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands in law or equity, which Claimant, and/or his assigns, agents, officers, employees, heirs, or successors in interest had, now has, or may have against the Released Parties, for, or on account of, the incidents or circumstances giving rise to any aspect of the seizure, investigation, or forfeiture of the Forfeited Currency and Earrings.

8. The Parties agree that this Stipulation applies exclusively to the captioned civil asset forfeiture action arising from the seizure of the Defendants *in rem,* and does not immunize Claimant or anyone else from criminal prosecution for any illegal conduct associated with the seizure of the Defendants *in rem.*

9. The Parties agree that entry into this Stipulation by Claimant does not constitute an admission by Claimant to any criminal or civil wrongdoing.

10. By signing this Stipulation, Claimant declares that he has read and discussed the terms of this Stipulation with his attorney. Claimant further declares that he is aware of his rights in this action, and fully understands the terms, conditions and consequences of entering into this Stipulation. Claimant agrees that

this Stipulation adequately reflects the Parties' good faith negotiation and resolution of this action without further litigation.

11. The Parties stipulate and agree that each of the Parties shall bear their own costs and attorneys' fees in this action and in any subsequent action to enforce this Stipulation. The Claimant agrees he shall not claim or seek attorneys' fees and/or costs in connection with this action and knowingly and voluntarily waives any and all claims he may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation, including the statutes identified in the preceding paragraph.

12. Following entry of this Stipulation by the Court, ATF, the USMS, or its delegate, shall disburse the agreed return through the Claimant's attorney.

13. This Stipulation encompasses the full agreement of the Parties regarding the Forfeited Currency and Earrings.

14. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

15. By their signatures below, the Parties agree to entry of this Stipulation and to all of the terms and conditions set forth herein.

16. Upon entry of this Stipulation by the Court, this document shall constitute a Judgment and Final Order of Forfeiture of the Forfeited Currency and Jewelry.

17.    Upon entry of the Stipulated Consent Judgment and Final Order of Forfeiture, this case shall be CLOSED.

WHEREFORE, the Parties agree to entry of this Stipulation.

Agreed as to form and substance:

JEROME F. GORGON JR.
United States Attorney

K. Craig Welkener

K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov


Dated: 6/25/2026

Kenneth M. Scott (P32833)
2702 Flushing Road
Flint, Michigan 48504
(810) 767-6655
Kmscottesq@yahoo.com

*Attorney for Claimant Omar Thomas*

Dated: 6/25/26

Omar Thomas, Claimant

Dated: 6/25/26

*************************************************************

**IT IS SO ORDERED:**


Dated: June 29, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

10